O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ACCREDITED REO PROPERTIES, LLC, | ) ) ) | Case No. CV 12-09711 DDP (VBKx) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION** |
| GENARDO WITT; ROSALBA CORTES; EDWIN CEBALLOS; LOURDES MANCILLA; EDWARD DIAZ; GLORIA ELIZABETH DIAZ, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Removing Defendant Edward Diaz is ordered to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. Plaintiff filed an unlawful detainer complaint on September 11, 2012. On November 13, 2012, Defendant removed to this court on the basis of both federal question and diversity jurisdiction. (Notice of Removal 4, 10, 13.)

Under 28 U.S.C. § 1441(b), a defendant may remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ."

1  "Under the longstanding well-pleaded complaint rule, however, a
2  suit 'arises under' federal law only when the plaintiff's statement
3  of his own cause of action shows that it is based upon federal
4  law." <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009) (internal
5  quotation marks and citation omitted).  "Federal law cannot be
6  predicated on an actual or anticipated defense . . . .  Nor can
7  federal question jurisdiction rest upon an actual or anticipated
8  counterclaim."  <u>Id.</u> (citations omitted).  Alternatively, a federal
9  court may exercise diversity jurisdiction when there is complete
10 diversity between the parties and the amount in controversy exceeds
11 $75,000.  28 U.S.C. § 1332.
12     Here, nothing on the face of Plaintiff's complaint suggests a
13 federal question.  Furthermore, it appears from Plaintiff's
14 complaint that an amount well under $75,000, and indeed well under
15 $10,000, is at issue.  (Complaint at 1, 3.)
16     The court notes that the Defendant has the burden of
17 establishing removal jurisdiction.  Accordingly, the court orders
18 Defendant to file a brief, not to exceed ten pages, by Monday,
19 December 17, 2012 showing cause why this action should not be
20 remanded for lack of jurisdiction.  Defendant should also deliver a
21 courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring
22 Street, Los Angeles.  The court will regard any failure to file an
23 explanatory brief as consent to remand this matter.
24 IT IS SO ORDERED.

26 Dated: December 5, 2012
                                        _____
                                        DEAN D. PREGERSON
                                        United States District Judge